**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Blair E. Reed (State Bar No. 316791)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
         jsmith@bursor.com
         breed@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin (State Bar No. 291289)
David W. Hall (State Bar No. 274921)
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
Email: fhedin@hedinhall.com
        dhall@hedinhall.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRENCHELL DEGRATE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LENDER411, LLC and ACTIVEPROSPECT INC.,<br><br>Defendants. | Case No. 8:20-cv-2227<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiff Frenchell Degrate ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action suit brought against Defendants Lender411, LLC ("Lender411") and ActiveProspect Inc. ("ActiveProspect") (collectively, "Defendants") for wiretapping the electronic communications of visitors to Defendant Lender411's website, Lender411.com (the "Website"). The wiretaps, which are embedded in the computer code on the Website, are used by Defendants to secretly observe and record website visitors' keystrokes, mouse clicks,[1] and other electronic communications, including the entry of Personally Identifiable Information ("PII"), in real time. By doing so, Defendants have violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631 and 635 and invaded Plaintiff's and Class members' privacy rights in violation of the California Constitution.

2. In or about September 2020, Mr. Degrate visited the Website. During this visit, Defendants Lender411 and ActiveProspect recorded Mr. Degrate's electronic communications in real time, used the intercepted data to attempt to learn his identity, zip code, email address, physical address, phone number, approximate credit score, and other PII.

3. Plaintiff brings this action on behalf of himself and a class of all persons whose electronic communications were intercepted through the use of Defendants' wiretap on the Website.

---

[1] As used herein, the term "mouse clicks" also refers to "touch gestures" such as the "tap," "swipe," and similar gestures used on touchscreen devices.

# THE PARTIES

4. Plaintiff Frenchell Degrate is a resident of Rancho Mirage, California and has an intent to remain there, and is therefore a domiciliary of California. In or about September 2020, prior to the filing of this lawsuit, Mr. Degrate browsed Defendant Lender411's website while investigating home mortgages. Mr. Degrate was in California when he visited the Website. During the visit, Mr. Degrate's keystrokes, mouse clicks, and other electronic communications, including the entry of his name, zip code, email address, physical address, phone number, approximate credit score, and other PII, were intercepted in real time and were disclosed to Lender411 and ActiveProspect through the wiretap. Mr. Degrate was unaware at the time that his keystrokes, mouse clicks, and other electronic communications, including the information described above, were being intercepted in real-time and would be disclosed to ActiveProspect, nor did Mr. Degrate consent to the same.

5. Defendant Lender411, LLC is a company with its principal place of business at 13821 Newport Avenue #150, Tustin, California 92780.

6. Lender411 describes itself on its website as "an online community connecting consumers shopping for home financing options with trusted mortgage and real estate professionals."

7. Lender411 does business throughout California and the entire United States.

8. Lender411 owns and operates the Website.

9. Defendant ActiveProspect is a Nevada corporation with its principal place of business at 4203 Guadalupe Street, Austin, Texas 78751.

10. ActiveProspect is a marketing software-as-a-service ("SaaS") company.

11. ActiveProspect provides a product called "TrustedForm," which is a "lead certification product that helps [businesses] comply with regulations like the [Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereinafter the "TCPA")] by documenting consumer consent."

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from at least one Defendant.

13. This Court has personal jurisdiction over Defendants because each of the Defendants have purposefully availed themselves of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of each of the Defendants' forum-related activities. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

14. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

## STATEMENT OF FACTS

### I. Overview Of The Wiretaps

15. Defendant ActiveProspect provides a variety of "real time" products for companies who engage in telemarketing.

16. One of ActiveProspect's products is called "TrustedForm," which purports to help businesses comply with the Telephone Consumer Protection Act by documenting evidence of consent to receive telemarketing calls.

17. On its website, ActiveProspect says that one of the "key features and benefits" of TrustedForm is the "VideoReplay" feature, which records, in real time, a website visitor's keystrokes, mouse clicks and other interactions with a website:

//
//
//
//

> **+ VideoReplay**
>
> Captures how the user interacted with the form, including data entries, mouse movements and mouse clicks, for the most authoritative proof of consent.

18. ActiveProspect also advertises other data that TrustedForm can acquire, including the "time on page," "lead age," and "geographic location of user":

> **+ WEBSITE OF ORIGIN**
>
> Tracking the true source of the lead is critical for campaign optimization. It allows you to identify your top performing sources and block leads originating from unwanted sources.
>
> **+ TIME ON PAGE**
>
> Capture the amount of time it takes for the consumer to fill out the lead form. Time on page is also a strong indicator of consumer intent and lead quality.
>
> **+ LEAD AGE**
>
> Know the real age of the lead you just received. Was this lead delivered in real-time or was it actually created a couple of days ago? Leads exceeding the age threshold can be blocked in real-time.
>
> **+ PRESENCE OF CONSENT**
>
> With our page scan feature you can verify that consent language was present on the form where the lead was collected, before you contact the lead.
>
> **+ GEOGRAPHIC LOCATION OF USER**
>
> Know where the user is actually filling out the lead form based on their IP address. Was this lead submitted in the US or India? Leads submitted from outside your desired geographic area can be flagged or blocked.

19. ActiveProspect instructs prospective partners to "simply paste the TrustedForm javascript into the html of your form page, and it will automatically generate a unique Certificate for every lead." "The script will pass the Certificate as a hidden field with the rest of the lead data."

**1. ISSUE CERTIFICATE ON FORM**

Simply paste the TrustedForm javascript into the html of your form page, and it will automatically generate a unique Certificate for every lead.

**2. CAPTURE CERTIFICATE AS DATA FIELD**

The script will pass the Certificate as a hidden field with the rest of the lead data. The Certificate is in the form of a URL and is meant to be stored with the lead in your database.

20. This parcel of code allows Defendants to record the keystrokes, mouse clicks, data entry, and other electronic communications of visitors to websites where the code is installed. It also allows Defendants to track the "website of origin" (i.e., part of the visitor's internet browsing history), amount of time spent on the website, geographic location of the visitor, and other information described above.

21. The recording of keystrokes, mouse clicks, data entry, and other electronic communications begins the moment a user clicks "Get Started" on the Website.

22. ActiveProspect's business model involves entering into voluntary partnerships with various companies and providing their software to their partners.

23. One of ActiveProspect's partners is Defendant Lender411.

24. Lender411 utilizes TrustedForm on the Website.

25. Lender411 knows that TrustedForm captures the keystrokes, mouse clicks and other communications of visitors to its website, and pays ActiveProspect to supply that information.

26. Pursuant to an agreement with ActiveProspect, Lender411 enabled TrustedForm by voluntarily embedding ActiveProspect's software code on the Website.

27. As currently deployed, TrustedForm, as employed by Lender411, functions as a wiretap.

## II. Defendants Wiretapped Plaintiff's Electronic Communications

28. In or about September 2020, Plaintiff visited the Website and view mortgage offerings on the website.

29. During that visit, and upon information and belief, the TrustedForm VideoReplay feature created a video capturing Plaintiff's keystrokes and mouse clicks on the Website. The TrustedForm wiretap also captured the date and time of the visit, the duration of the visit, Plaintiff's IP address, his location at the time of the visit, his browser type, and the operating system on his device.

30. When users access the Website and request a quote for a mortgage, they enter their PII. TrustedForm captures these electronic communications throughout each step of the process. This is despite the fact that the only ostensible purpose of TrustedForm is to record consent to receive telephone calls, *not* to record other electronic communications that do not involve consent to be called.

31. TrustedForm captures, among other things:
    (a) The user's mouse clicks;
    (b) The user's keystrokes;
    (c) The user's email address;
    (d) The user's address;
    (e) The user's phone number
    (f) The user's approximate credit score;

    (g) The type of home the user lives in or is purchasing;

    (h) The estimated value of the property;

    (i) The user's IP address;

    (j) The user's location at the time of the visit; and

    (k) The user's browser type and the operating system on their devices

  32. Crucially, Defendant Lender411 does not ask users, including Plaintiff, whether they consent to being wiretapped by ActiveProspect. Users are never actively told that their electronic communications are being wiretapped by ActiveProspect, nor does Lender411's Privacy Policy disclose as much.

  33. Therefore, users like Plaintiff never agree or are never given the option to agree to the Privacy Policy when using the Website, nor are they on notice of the Privacy Policy.

  34. Neither Plaintiff nor any Class Member consented to being wiretapped on the Website, nor to have their communications recorded and shared with ActiveProspect. Any purported consent that was obtained was ineffective because (i) the wiretapping began from the moment Plaintiff and Class members clicked "Get Started" on the Website; (ii) the Privacy Policy did not disclose the wiretapping or ActiveProspect; and (iii) the hyperlink to the Privacy Policy is inconspicuous and therefore insufficient to provide notice.

## CLASS ACTION ALLEGATIONS

  35. Plaintiff seeks to represent a class of all California residents who visited the Website, and whose electronic communications were intercepted or recorded by ActiveProspect. Plaintiff reserves the right to modify the class definition as appropriate based on further investigation and discovery obtained in the case.

  36. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class

members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

37. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants have violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631 and 635 and invaded Plaintiff's privacy rights in violation of the California Constitution; and whether Class members are entitled to actual and/or statutory damages for the aforementioned violations.

38. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class members, visited the Website and had his electronic communications intercepted and disclosed to ActiveProspect through the use of ActiveProspect's wiretaps.

39. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

40. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants'

liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

41. Plaintiff brings all claims in this action individually and on behalf of members of the Class against Defendants.

## COUNT I
### Violation Of The California Invasion Of Privacy Act, Cal. Penal Code § 631

42. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

43. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

44. To establish liability under section 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," does any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,
>
> Or
>
> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,
>
> Or
>
> Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,
>
> Or

> Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

45. Section 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *See Matera v. Google Inc.*, 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic communications"); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's collection of consumers' Internet browsing history).

46. ActiveProspect's TrustedForm product is a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct at issue here.

47. At all relevant times, by using ActiveProspect's technology, Defendants intentionally tapped, electrically or otherwise, the lines of internet communication between Plaintiff and Class members on the one hand, and Lender411's Website on the other hand.

48. At all relevant times, by using ActiveProspect's technology, Defendants willfully and without the consent of all parties to the communication, or in any unauthorized manner, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and putative Class members, while the electronic communications were in transit or passing over any wire, line or cable or were being sent from or received at any place within California.

49. Defendants aided, agreed with, and conspired with each other to implement ActiveProspect's technology and to accomplish the wrongful conduct at issue here. In addition, Lender411 employed ActiveProspect to accomplish the wrongful conduct at issue here.

50. Plaintiff and Class members did not consent to any of Defendants' actions in implementing ActiveProspect's wiretaps on the Website. Nor have Plaintiff or Class members consented to Defendants' intentional access, interception, reading, learning, recording, and collection of Plaintiff and Class Members' electronic communications.

51. The violation of section 631(a) constitutes an invasion of privacy sufficient to confer Article III standing.

52. Unless enjoined, Defendants will continue to commit the illegal acts alleged here. Plaintiff continues to be at risk because he frequently uses the internet to search for information about products or services. He continues to desire to use the internet for that purpose, including for the purpose of shopping for mortgage quotes. Defendant ActiveProspect provides its TrustedForm product to many other website operators who offer a wide array of services. For many websites that Plaintiff may or is likely to visit in the future, he has no practical way to know if his website communications will be monitored or recorded by ActiveProspect, or by both Defendants.

53. Plaintiff and Class Members seek all relief available under Cal. Penal Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

## COUNT II
**Violation Of The California Invasion Of Privacy Act,
Cal. Penal Code § 635**

54. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

55. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

56. California Penal Code § 635 provides, in pertinent part:

> Every person who manufactures, assembles, sells, offers for sale, advertises for sale, possesses, transports, imports, or

furnishes to another any device which is primarily or exclusively designed or intended for eavesdropping upon the communication of another, or any device which is primarily or exclusively designed or intended for the unauthorized interception or reception of communications between cellular radio telephones or between a cellular radio telephone and a landline telephone in violation of Section 632.5, or communications between cordless telephones or between a cordless telephone and a landline telephone in violation of Section 632.6 , shall be punished by a fine not exceeding two thousand five hundred dollars.

57. At all relevant times, by implementing ActiveProspect's wiretaps, each Defendant intentionally manufactured, assembled, sold, offered for sale, advertised for sale, possessed, transported, imported, and/or furnished a wiretap device that is primarily or exclusively designed or intended for eavesdropping upon the communication of another.

58. ActiveProspect's code is a "device" that is "primarily or exclusively designed" for eavesdropping. That is, the ActiveProspect's code is designed to gather PII, including keystrokes, mouse clicks, and other electronic communications.

59. Plaintiff and Class members did not consent to any of Defendants' actions in implementing ActiveProspect's wiretaps.

60. Plaintiff and Class members seek all relief available under Cal. Penal Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

## COUNT III
**Invasion Of Privacy Under California's Constitution**

61. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

62. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

63. Plaintiff and Class members have an interest in: (1) precluding the dissemination and/or misuse of their sensitive, confidential PII; and (2) making

personal decisions and/or conducting personal activities without observation, intrusion or interference, including, but not limited to, the right to visit and interact with various Internet sites without being subjected to wiretaps without Plaintiff's and Class members' knowledge or consent.

64. At all relevant times, by implementing ActiveProspect's wiretaps on Lender411's Website, each Defendant intentionally invaded Plaintiff and Class members' privacy rights under the California Constitution, and procured the other Defendant to do so.

65. Plaintiff and Class members had a reasonable expectation that their PII and other data would remain confidential and that Defendants would not install wiretaps on the Website.

66. Plaintiff and Class members did not consent to any of Defendants' actions in implementing ActiveProspect's wiretaps on the Website.

67. This invasion of privacy is serious in nature, scope and impact.

68. This invasion of privacy alleged here constitutes an egregious breach of the social norms underlying the privacy right.

69. Plaintiff and Class members seek all relief available for invasion of privacy claims under California's Constitution.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order certifying the Class under Rule 23 and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that the Defendants' conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

| | | |
|---|---|---|
|1| (d) | For compensatory, punitive, and statutory damages in amounts to be determined by the Court and/or jury; |
|2| | |
|3| (e) | For prejudgment interest on all amounts awarded; |
|4| (f) | For an order of restitution and all other forms of equitable monetary relief; |
|5| (g) | For injunctive relief as pleaded or as the Court may deem proper; and |
|6| (h) | For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit. |

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable.

Dated: November 24, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ Joel D. Smith*
       Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Blair E. Reed (State Bar No. 316791)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
       jsmith@bursor.com
       breed@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin (State Bar No. 291289)
David W. Hall (State Bar No. 274921)
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
Email: fhedin@hedinhall.com
       dhall@hedinhall.com

*Attorneys for Plaintiff*